■ In the Matter of the Claim of GERTRUDE F. CRAMER, Respondent, against SUNSHINE BISCUITS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from a decision and award of the Workmen's Compensation Board for death benefits. The sole issue is whether decedent's death from coronary occlusion was the result of an industrial accident. Decedent's duties as a salesman and special sales representative required extensive travel in a territory extending from Florida to upstate New York. In each locality visited, he accompanied salesmen to their customers' stores to assist in "servicing" the salesmen's accounts, in the process of which some physical exertion was required. In the course of a routine medical examination of decedent some 16 months prior to his death, it was found that his blood pressure was high. Upwards of 2 weeks before his death this condition was worse and some 4 or 5 days prior to his death he was advised by his physician to remain in bed for a week. The physician had received a history of nose bleeds attributable to the blood pressure, which he considered so high as to threaten a stroke or a heart attack. So far as appears, the physician did not advise decedent of these possible results. Decedent did not follow the doctor's directions as to bed rest but was persuaded by him to take a train, rather than to drive his automobile, on his next business trip, which commenced on September 18, 1950, when he went from his home in New Jersey to Albany. The next day at about 7:30 A.M. decedent accompanied his employer's salesman from Albany to Hudson and other places in that vicinity, returning to Albany about 5:15 P.M., after traveling about 95 miles. Decedent's usual work included arranging displays of merchandise, removing it from a storeroom within the particular store visited to the place where it was to be displayed, bending over to pick it off the floor, in bundles weighing from 12 to 18 pounds, and lifting it to display racks. The board was entitled to find that on this day decedent performed work of this nature. In the third store visited, decedent suffered a pain which he attributed to indigestion, appeared ill and pale and rested for about 45 minutes. He continued on the trip, however, making some calls and resting at intervals, finally returning to Albany and retiring to his hotel room, where he was found the next morning, some time after his death. There was substantial medical evidence that the chest pain which he first suffered the previous day, and other pains and sensations described by him in a letter written that night, marked the onset of a coronary occlusion, which was causally related to his work, was aggravated by his continued activity during the day and resulted in his death. We find substantial the evidence that the exertion of the work con-

stituted an undue strain, in the light of decedent's physical condition. Such was not the case in *Matter of Lesnik* v. *National Carloading Corp.* (285 App. Div. 649, 652) upon which appellants seem principally to rely. There we said, "To affirm this award we must be ready to hold that if a man increases the tension of his administrative work and later suffers a heart attack while at rest, this is a compensable accident". Here there was sufficient evidence that decedent, "by a miscalculation of his own strength, inadvertently hastened his own death by exertion that caused the final breakdown". (1 Larson on Workmen's Compensation, § 38.83, p. 566.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.